IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRIN W. THOMAS, # N-43930, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1189-JPG |
| | ) | |
| RANDY DAVIS, S.A. GODINEZ, | ) | |
| AND SGT. SMITTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On November 19, 2012, Plaintiff Darrin W. Thomas filed suit in this Court under 42

U.S.C. § 1983, alleging violations of his federally secured constitutional rights during his

incarceration in the Vienna Correctional Center ("Vienna").  Now before the Court is Plaintiff's

motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2).  At

the time of filing the complaint, Plaintiff had been released from Illinois Department of

Corrections custody,[1] and gave a Chicago, Illinois, address (Doc. 1-2).  As such, Plaintiff does

not meet the statutory definition of prisoner[2] for purposes of the *in forma pauperis* statute, which

states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is

accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law

or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28

U.S.C. § 1915(h).

---

[1]  According to the Inmate Search feature of the Illinois Department of Corrections website, Plaintiff was
released on parole on August 17, 2012.
Http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (Last visited Dec. 10, 2012).
[2]  The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the
Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought.  *Kerr v.
Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor."  Plaintiff has done so in the instant case.  But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff raises two distinct claims.  First, he alleges that he and other inmates were housed in unsanitary and unsafe living conditions in Unit Building #19 at Vienna (Doc. 1, pp. 9, 13).  His second claim is that on March 15, 2012, upon his arrival at Vienna, he and approximately 20 other inmates were subjected to a strip search which included a visual cavity search (Doc. 1, pp. 10-11).  The inmates were all searched in view of each other, in a location

adjacent to the Health Care Unit ("HCU") where they could also be viewed through windows by any inmates or staff present in the HCU.  The search was conducted by several guards including Defendant Smitty, under orders of Defendant Davis (the Vienna Warden).

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2).  His sworn IFP motion establishes that he is indigent for purposes of IFP review.  Nothing indicates that his action is frivolous or malicious.  The named Defendants are not immune from relief.  And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted.

However, Defendant **GODINEZ** (the IDOC Director) is **DISMISSED** from this action with prejudice.  According to the complaint, Defendant Godinez was not personally involved in any of the events giving rise to Plaintiff's suit; Plaintiff states only that Defendant Godinez is "legally responsible for the overall operation of the Department" and its prisons (Doc. 1, p. 8). This is not sufficient to state a claim against him, because there is no supervisory liability in a civil rights action.  "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987).

In addition, Plaintiff's request for injunctive relief regarding the unsafe housing conditions has become moot.  "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).  *See also*

*Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).  Here, of course, Plaintiff has not been

transferred to another prison, but is out on parole.  Only if Plaintiff can show a realistic

possibility that he would again be incarcerated at Vienna under the conditions described in the

complaint, would it be proper for the Court to consider injunctive relief.  *See Maddox v. Love*,

655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Plaintiff's motion (Doc. 2) for leave to proceed IFP is **GRANTED**.  Plaintiff will be

allowed to proceed in the action without payment of any fees.  *See* 28 U.S.C. § 1915(a)(1);

*Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b)

applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not

responsible for paying filing fee at all).

Plaintiff's motion (Doc. 3) to appoint counsel is referred to United States Magistrate

Judge **Philip M. Frazier** for further consideration.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **DAVIS** and

**SMITTY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a

copy of the complaint, and this Memorandum and Order to each Defendant's place of

employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent,

the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by

the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided

by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address,

or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that because he is proceeding *pro se*, he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  A notice of change of address must be filed within **7 days** of any such change occurring.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** December 12, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**